# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES K. WARD,<br><br>  Plaintiff,<br>vs.<br><br>UNITED STATES GOVERNMENT DEPARTMENT OF DEFENSE, DEFENSE FINANCE AND ACCOUNTING SERVICE AGENCY (DFAS),<br><br>  Defendants. | CASE NO. 07cv164 BTM (LSP)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT [Doc. #13]** |

On January 23, 2007, Plaintiff, a non-prisoner proceeding pro se, filed a complaint with this Court alleging that Defendants have refused to expedite his severance in accordance with Department of Defense Financial Management Regulation Volume 7(A), Chapter 35, which is promulgated pursuant to 5 U.S.C. § 5545(c)(1). Along with his complaint, Plaintiff filed a document titled "Request for Restraining Order," though the nature of this "request" is wholly unclear.

On April 24, 2007, Defendants filed a motion to dismiss based upon Plaintiff's failure to meet the minimal pleading requirements set forth in Federal Rule of Civil Procedure 8(a) or, in the alternative, a motion for a more definite statement under Rule 12(e). Defendants argue that Plaintiff's two-sentence handwritten complaint is vague and ambiguous and fails to give Defendants fair notice of what Plaintiff's claim is and the grounds upon which it rests.

Plaintiff filed an untimely opposition to Defendants' motion, which the Court has considered. However, Plaintiff's opposition does not address the arguments set forth in Defendants' motion and, therefore, does not aid the Court in this determination.

The Court finds that Plaintiff's complaint is so vague and ambiguous that Defendants cannot reasonably be required to frame a responsive pleading. See Fed. R. Civ. P. 12(e). Rule 8(a) requires that a pleading contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

While the requirements of notice pleading are minimal and a Plaintiff need not "set out in detail the facts upon which he bases his claim," a complaint must set forth enough detail to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Plaintiff's complaint alleges that, the "Defense Finance and Accounting Service refuses to expedite severance according to DOD FMR 7A, (35) which is empowered by 5 USC III (D) 55(V) 5545(c)(1)." This bald statement, while providing Defendants with notice of the regulation Plaintiff claims is at issue, fails to specify why Plaintiff is entitled to any relief under this regulation. In addition, this statement fails to explain what claim the Plaintiff is alleging against any Defendant other than the Defense Finance and Accounting Service, if indeed he is intending to proceed against any other entity. Plaintiff had a summons and complaint served on the Department of Defense, Assistant Secretary of the Navy, though there is no allegation in the complaint that even refers to the United States Navy.

The Court, construing Plaintiff's pleading liberally, because he is proceeding pro se, has also examined Plaintiff's concurrently-filed "Request for Restraining Order" to see if it provides any more specifics that would help illuminate the allegation in Plaintiff's complaint. While this document does make reference to the non-payment of military severance, it does not explain the basis for this claim of severance, and it is otherwise littered with seemingly irrelevant material.

1  The Court finds that Plaintiff's complaint is "'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" Delta Education, Inc. v. Langlois, 719 F. Supp. 42, 50 (D.N.H. 1989) (quoting 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1376).  Therefore, Defendant's motion for a more definite statement is **GRANTED**.

As for Defendants' motion to dismiss, Plaintiff is proceeding pro se, and so the Court must liberally construe his pleadings.  Moreover, when dealing with a pro se complaint, "before dismissing an action, a court should always be certain that other less drastic alternatives are not available." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987); accord Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) ("[A] [pro se] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").  The Court finds that any pleading deficiencies in Plaintiff's original complaint may be remedied by affording him the opportunity to file an amended complaint, which is exactly what Defendant asks for in his alternative motion for a more definite statement.  Accordingly, Defendant's motion to dismiss is **DENIED** without prejudice.

//
//
//
//
//
//
//
//
//
//
//
//

1   **Plaintiff is directed to file an amended complaint**, which adheres to the requirements of Federal Rule of Civil Procedure 8(a), as specified above, **on or before July 27, 2007**. This amended complaint must specifically identify each Defendant that Plaintiff intends to proceed against. It also must specify: (1) the grounds for this Court's jurisdiction; (2) the statute or regulation upon which Plaintiff's claim is based; (3) how these regulations provide a basis for his claim against **each** Defendant, that is, why they entitle Plaintiff to relief; and (4) exactly what relief Plaintiff is seeking. Plaintiff shall title his amended pleading "First Amended Complaint" and, in accordance with Civil Local Rule 15.1, it shall be "retyped and filed so that it is complete in itself without reference to the superseded pleading." **If Plaintiff fails to file a proper amended complaint by the deadline set above, the Court will dismiss this action in its entirety.**

**IT IS SO ORDERED.**

DATED: July 3, 2007

*Barry Ted Moskowitz*

Hon. Barry Ted Moskowitz
United States District Judge